**UNITED STATES of America, Appellee,**

v.

**Katherine Isabel BARR, Appellant.**

**No. 94–1260.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1994.

Decided August 23, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 29, 1994.

Douglas Broden, Devils Lake, ND, argued, for appellant.

Dennis D. Fisher, Asst. U.S. Atty., Fargo, ND, argued, for appellee.

Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, BEAM, Circuit Judge.

BEAM, Circuit Judge.

After a jury trial, Katherine Isabel Barr was convicted of possessing an unregistered sawed-off shotgun without identifying serial numbers in violation of subsections (d) and (i) of the National Firearms Act, 26 U.S.C. § 5861. Barr was also convicted of marijuana possession under 21 U.S.C. § 844(a). On appeal, she argues that the district court[1] erred in denying her pretrial motion to suppress evidence and in failing to give Barr's requested jury instruction on the intent required under the National Firearms Act. We affirm.

## I. BACKGROUND

On March 30, 1993, law enforcement officers entered Barr's home to investigate an unrelated incident. They noticed the smell of burning marijuana and observed and photographed pipes they believed to be marijuana pipes. Over two months later, Sam Merrick, a local resident, gave authorities a statement indicating that Barr supplied marijuana to Merrick's girlfriend and that his girlfriend and others smoked marijuana in Barr's home.

Based on the above, Benson County officials obtained a state warrant to search

---

1. The Honorable Rodney S. Webb, Chief United States District Judge for the District of North Dakota.

Barr's residence. In the course of the search, officers seized 2.58 grams of marijuana and a sawed-off shotgun. Barr moved to suppress that evidence. She contended that the officers failed to establish probable cause for the warrant because they intentionally or recklessly misled the court as to Merrick's reliability. After an evidentiary hearing, the district court denied the motion.

At trial, Barr admitted possessing the marijuana. She also admitted possessing the shotgun, but argued that she did not have the requisite knowledge for a conviction under the National Firearms Act. Barr's requested jury instruction regarding the intent element was refused and the jury ultimately found Barr guilty on all counts.

## II. DISCUSSION

### A. Motion to Suppress

We review the district court's decision for clear error. *United States v. Keene*, 915 F.2d 1164, 1167 (8th Cir.1990), *cert. denied*, 498 U.S. 1102, 111 S.Ct. 1001, 112 L.Ed.2d 1084 (1991). We will affirm "unless we find that the decision is unsupported by the evidence, based on an erroneous view of the applicable law, or we are left with a firm conviction that a mistake has been made." *Id.*

Barr argues that the two Benson County officers who testified in support of the warrant misled the Benson County Court with respect to the reputation of Merrick. Specifically, Barr contends that the officers failed to disclose that Merrick had been convicted of embezzlement. There was no evidence that either officer knew of the prior conviction, but Barr argues they were reckless to seek a warrant without checking Merrick's criminal record.

 Under *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676–77, 57 L.Ed.2d 667 (1978), a search warrant is void, and the fruits of a search are inadmissible, if the defendant establishes by a preponder-

ance of the evidence that (1) a witness in the warrant proceedings made a false statement knowingly or intentionally, or with reckless disregard for the truth, and (2) with the false statement set aside, the remaining evidence is insufficient to support probable cause. This rule has been extended to allow challenges on the basis of deliberate or reckless omissions. *United States v. Reivich*, 793 F.2d 957, 960–61 (8th Cir.1986). In the case of an omission, the defendant must establish that the evidence, as supplemented by the improperly omitted information, does not support probable cause. *Id.* at 961.

 The district court resolved the matter under the second prong of the *Franks* test.[2] Examining the evidence, as supplemented by the omitted information concerning Merrick's prior conviction, the court found "plenty of probable cause, even if [the issuing judge] was also made aware of the fact that Sam Merrick was a convicted embezzler." Suppression Hearing Tr. at 100. We have reviewed the record and find the court's decision to be supported by the evidence and consistent with applicable law. We see no reason to restate the findings of the district court in this regard.

### B. Jury Instruction

Barr also contends that the district court erred in refusing her requested jury instruction regarding the *mens rea* required for convictions under the National Firearms Act (the Act). Barr proposed an instruction stating that she could be convicted only if the Government proved beyond a reasonable doubt that she was in possession of a weapon which "she knew possessed the characteristics which cause it to fall within the meaning of 'firearm' as defined by the National Firearms Act." Designated Record on Appeal at 23. Instead, the district court used a more general intent instruction which required the jury to find that Barr knowingly possessed a "firearm," as that term is defined in the statute.[3]

2. As we agree with the district court's resolution of this issue, we need not consider whether the officers' failure to check Merrick's criminal record constituted a "reckless disregard for the truth" under *Franks*.

3. The district court instructed the jury that it could convict Barr of possession of an unregistered firearm if she "knew she had a firearm in her possession" and of possession of a firearm without a serial number if she "knowingly pos-

The Act makes it unlawful to receive or possess a "firearm," as that term is statutorily defined,[4] that is not registered in the National Firearms Registration and Transfer Record or that is not identified by a serial number. 26 U.S.C. § 5861(d), (i). The statute is silent concerning the *mens rea* required for a violation. We have held that the only knowledge required to support a conviction under the Act is knowledge that the weapon is a "firearm" as that term is *generally* defined. *United States v. Woodruff*, 600 F.2d 174, 176 (8th Cir.1979); *Morgan v. United States*, 564 F.2d 803, 805 (8th Cir. 1977). Under this standard, the instructions of the district court are sufficient.

While this appeal was pending, however, the Supreme Court decided *Staples v. United States*, — U.S. —, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), a case dealing directly with the *mens rea* required to support a conviction under the Act. Thus, it is necessary for us to reexamine the sufficiency of the jury instructions in light of this new precedent. Although *Staples* necessarily alters our analysis, it does not change the result in this case.

In *Staples*, the defendant was convicted of possessing an unregistered firearm. The weapon was a semi-automatic rifle, for which registration is not normally required. It had been modified for fully-automatic fire, however, thereby triggering the Act's registration requirement. Such a modification can be accomplished without externally visible signs and Staples maintained he was unaware that the rifle had been modified. The jury was instructed that the Government must prove that Staples knew he was "dealing with a dangerous device of a type as would alert one to the likelihood of regulation." *Id.* at —, 114 S.Ct. at 1796. Staples argued that he could not be convicted unless the Government proved that he knew the gun could fire in a fully-automatic fashion. *Id.*

The Supreme Court agreed with Staples, holding that the Government is required to prove that a defendant knows of the features of the weapon that bring it within the scope of the Act. *Id.* at —, 114 S.Ct. at 1804. The Court focused on the care it has historically taken to avoid construing a statute as criminalizing a " 'broad range of apparently innocent conduct.' " *Id.* at —, 114 S.Ct. at 1799 (quoting *Liparota v. United States*, 471 U.S. 419, 426, 105 S.Ct. 2084, 2088, 85 L.Ed.2d 434 (1985)). In light of the long tradition of widespread gun ownership in this country, the Court found it unlikely that Congress intended to impose severe penalties on individuals who only had knowledge of traditionally lawful conduct. *Id.*, — U.S. at —, 114 S.Ct. at 1804.

In the present case, we are not convinced that the jury instructions given by the district court did not already require the jury to find that Barr knew of the characteristics of the weapon that cause it to fall under the Act.[5] We need not reach the issue, however, as *Staples* does not require such a finding. In *Staples*, the Court emphasized that its holding was a narrow one. Specifically, the Court stated, "[O]ur reasoning depends upon a common-sense evaluation of the nature of

---

sessed a firearm, as the term firearm is defined in these instructions." Appendix to Appellee's Brief at B–12, B–14. The jury was further instructed, in accordance with the statutory definition at 26 U.S.C. § 5845, that "the term 'firearm' means (1) a shotgun having a barrel or barrels of less than 18 inches in length; [or] (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length...." Appendix at B–20. With respect to intent, the jury was instructed that the government did *not* have to prove that Barr knew "the firearm in question was not registered ... or that the firearm had no serial number ... [or that] the firearm she possessed was in violation of law." Appendix at B–19.

4. The statutory definition of "firearm" in the Act is much narrower than the general definition of the term. *See* 26 U.S.C. § 5845. Many weapons commonly thought of as firearms are not included in the definition of "firearm" under the Act.

5. The district court's jury instructions required the jury to find that Barr knowingly possessed a "firearm," as "firearm" is defined by statute. *See supra* note 3. Thus, the instructions required the jury to find that Barr knew she possessed a weapon with the characteristics set forth in the statutory definition of "firearm." So interpreted, the "entire charge fairly and adequately contains the law applicable to the case...." *Board of Water Works Trustees v. Alvord, Burdick & Howson*, 706 F.2d 820, 823 (8th Cir.1983).

the particular device or substance Congress has subjected to regulation and the expectations that individuals may legitimately have in dealing with the regulated items." *Id.*

Here, such a "common-sense evaluation" indicates that a specific jury finding of knowledge of the weapon's incriminating characteristics is unnecessary. Unlike the modified semi-automatic rifle in *Staples,* a sawed-off shotgun is clearly not a traditionally lawful weapon and Barr had no legitimate expectation that the weapon was not subject to regulation. In fact, the record reveals quite the opposite. Both the barrel and the stock of the weapon had been substantially shortened. Barr herself testified that she did not purchase the gun, but found it on her porch in a paper bag. This is not the "apparently innocent conduct" which concerned the Court in *Staples.* In fact, *Staples* spoke directly to this point:

> Of course we might surely classify certain categories of guns—no doubt including the machineguns, *sawed-off shotguns,* and artillery pieces that Congress has subjected to regulation—as items the ownership of which would have the same quasi-suspect character we attributed to owning hand grenades in *Freed.*

*Id.* at ——, 114 S.Ct. at 1800 (emphasis added) (referring to *United States v. Freed,* 401 U.S. 601, 607–10, 91 S.Ct. 1112, 1117–19, 28 L.Ed.2d 356 (1971)).

Where, as here, the characteristics of the weapon itself render it "quasi-suspect," *Staples* does not require proof that the defendant knew of the specific characteristics which make the weapon subject to the Act. The Government need only prove that the defendant possessed the "quasi-suspect" weapon and observed its characteristics. A defendant who observes such a weapon cannot possess it with innocence. In this case, the jury was clearly required to find that Barr possessed the sawed-off shotgun and actually observed it. Accordingly, we find no error in the district court's jury instructions.

---

* Maria R. Gomez is substituted for Natalie Haas Steffen, former Commissioner of the Minnesota

---

### III. CONCLUSION

For the reasons discussed above, we affirm the judgment of the district court.