**UNITED STATES of America, Appellee,**

v.

**James D. EDMISTON, Appellant.**

No. 94–3294.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1995.

Decided Jan. 30, 1995.

Paul Herschel Rosenberg, Des Moines, IA, argued, for appellant.

Edwin F. Kelly, Asst. U.S. Atty., argued (Stephen Patrick O'Meara, Asst. U.S. Atty., on the brief), for appellee.

Before BOWMAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

BOWMAN, Circuit Judge.

James D. Edmiston entered a conditional plea of guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1988), preserving his right to challenge the order of the District Court[1] denying his motion to suppress evidence. Edmiston timely appeals his conviction, and we affirm.

This case begins with what we suspect, and hope, is a rare event in Iowa: the aerial bombing of a small business. On the morning of Sunday, February 14, 1993, an airplane flew over the C & C Motorcycle Shop near Russell, Iowa. An explosive device dropped from the plane detonated on the showroom floor, causing substantial damage. Witnesses described the plane as a light-colored single-engine aircraft with dark stripes, wings attached high on the fuselage, and tricycle-style landing gear. Two witnesses identified photographs of a Cessna 172 as the airplane they saw flying over the motorcycle shop. Additionally, a witness stated that a similar plane made a low pass near the store on a prior Sunday, either January 24 or 31, 1993.

The aerial bombers apparently talked about their exploits with others. Within a week of the bombing, the story was circulating at area bars. Chris Van Vleet, a special agent of the Bureau of Alcohol, Tobacco, and Firearms, made contact with a confidential

---

1. The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

informant who stated that the person responsible for the bombing was named Kirk, a carpet layer at Roberts & Williams Carpet Country in Des Moines who lived in Perry or Dawson, Iowa. The informant also reported that a friend of Kirk's flew the plane and that the motive for the bombing was a bad business experience Kirk had had at the motorcycle shop. Special Agent Van Vleet, through independent investigation, found an individual named Kirk Thielen residing in Perry and working as a carpet layer at Roberts & Williams. Van Vleet also contacted Robert Chip, the owner of the motorcycle shop, and verified that he had done business with Thielen and that the two had a business disagreement in January 1993.

A second confidential informant reported that he had heard from Kurt Whiton, a patron of a Perry bar frequented by Thielen, that Thielen was responsible for the bombing and that Edmiston was the pilot of the airplane. The informant also stated that Thielen and Edmiston lived in Perry and that Thielen was employed as a carpet layer.

Through further investigation, Van Vleet verified that Edmiston was a licensed pilot residing in Perry at the time of the bombing. He also obtained evidence showing that, during the relevant time of day on both January 24 and February 14, 1993, Edmiston had rented a Cessna 172, which had the same characteristics described by witnesses to the bombing, from Hap's Air Service in Ames, Iowa. Hap's Air Service also confirmed that the plane had pilot and passenger windows from which items (such as a bomb) could be dropped. Van Vleet contacted an inspector with the Federal Aviation Administration, Larry L. Arenholz, who stated that the time necessary for a flight from Ames to Russell and back was consistent with Edmiston's rental time shown on the January 24 and February 14 records from Hap's Air Service. Arenholz advised Van Vleet that pilots are required to maintain certain records for the FAA and that these records are ordinarily kept by pilots in their log book. Because

such records must be produced to the FAA on demand, pilots generally keep them in a safe but accessible place. Van Vleet further learned that Edmiston had moved to Phoenix, Arizona.

Believing it likely that Edmiston would keep his log book at his residence, Van Vleet applied to the United States District Court for the District of Arizona for a warrant to search Edmiston's apartment in Phoenix. Relying on Van Vleet's affidavit, which recited all of the information described above, a magistrate judge [2] issued the warrant on October 6, 1993. Van Vleet executed the warrant on the same day and recovered, among other things, a pistol. Edmiston, having been convicted of a felony within the meaning of 18 U.S.C. § 922(g)(1) (1988) prior to the discovery of the pistol, was indicted as a felon in possession of a firearm.[3] Edmiston moved to suppress the evidence obtained during the search of his apartment on the ground that the search warrant was not supported by probable cause. The District Court denied the motion, and Edmiston entered his conditional plea of guilty. He has been sentenced to thirty-three months in prison to be followed by a two-year term of supervised release.

■■■ We review for clear error a district court's decision not to suppress evidence obtained during the execution of a search warrant. *United States v. Barr,* 32 F.3d 1320, 1322 (8th Cir.1994). We will not disturb that decision unless it is "unsupported by the evidence, based on an erroneous view of the applicable law or we are left with a firm conviction that a mistake has been made." *Id.* (internal quotation marks omitted). Reviewing courts must give substantial deference to the original determination of probable cause made by the judge who issued the warrant, and that determination will not be set aside unless the issuing judge lacked a substantial basis for concluding that probable cause existed. *Illinois v. Gates,* 462 U.S. 213, 236, 238–39, 103 S.Ct. 2317, 2332, 76

---

2. The Honorable Morton Sitver, United States Magistrate Judge for the District of Arizona.

3. The government has advised the Court that neither Edmiston nor Thielen, nor anyone else,

has yet been charged with participation in the aerial bombing that triggered the ATF's investigation of Edmiston.

L.Ed.2d 527 (1983); *see also United States v. Anderson,* 933 F.2d 612, 614 (8th Cir.1991).

In *Illinois v. Gates,* the Supreme Court held that a warrant is supported by probable cause if, "given all the circumstances set forth in the affidavit ..., including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that" (1) the items sought are connected to criminal activity and (2) the items sought will be found in the place to be searched. 462 U.S. at 238, 103 S.Ct. at 2332.

Edmiston argues that the information set forth in Van Vleet's affidavit linking Edmiston to criminal activity "is nothing more than a conclusory, uncorroborated rumor" and "bar gossip." Appellant's Brief at 6, 7. Edmiston further argues that even though some of the informants' statements may have been corroborated, none of those statements links Edmiston to the bombing and the affidavit in support of the search warrant recites nothing more than "innocent facts." Appellant's Brief at 10. We are not persuaded by these arguments.

■ First, Edmiston wrongly assumes that all of the information obtained from an informant whose reliability is not otherwise established must be corroborated in order for that information to support a finding of probable cause. We have held that if some "information from an informant is shown to be reliable because of independent corroboration, then it is a permissible inference that the informant is reliable and that therefore other information that the informant provides, *though uncorroborated,* is also reliable." *United States v. Williams,* 10 F.3d 590, 593 (8th Cir.1993) (emphasis added).

The affidavit supporting Van Vleet's application for a warrant reflects his careful corroboration of many of the admittedly hearsay statements made by the two confidential informants. Van Vleet independently verified that (1) Edmiston was a licensed pilot; (2) Edmiston was flying a Cessna 172 during the relevant time periods on January 24 and February 14, 1993, and for an amount of time sufficient to complete a flight from Ames to Russell and back on both dates so that he could have been flying the plane spotted by eyewitnesses; (3) the Cessna 172 rented by Edmiston matched eyewitness descriptions of the plane involved in the bombing and had openable windows from which an explosive device could be dropped; (4) both Edmiston and Kirk Thielen lived in Perry, Iowa; (5) Thielen worked for Roberts & Williams as a carpet layer; and (6) Thielen had had a dispute with the owner of the C & C Motorcycle Shop during the month immediately preceding the bombing. Because the affidavit showed that many of the informants' statements had been corroborated, it was permissible for the magistrate judge to infer that the informants' uncorroborated statements also were reliable.

■ Second, Edmiston wrongly assumes that circumstantial evidence ("innocent facts") alone cannot give a judicial officer probable cause to believe that evidence of criminal activity will likely be found in the place to be searched. Edmiston's argument is essentially that the informant's hearsay statement that "Edmiston did it" must be independently corroborated for probable cause to exist. Edmiston has offered no support for this proposition. To the contrary, *Gates* and this Court's opinions make it clear that the determination of probable cause is a "practical, common-sense decision" considering "all the circumstances set forth in the affidavit." *Gates,* 462 U.S. at 238, 103 S.Ct. at 2332); *see also United States v. Mims,* 812 F.2d 1068, 1073 (8th Cir.1987); *United States v. Kail,* 804 F.2d 441, 444 (8th Cir.1986). If circumstantial evidence can be sufficient to prove the elements of a crime beyond a reasonable doubt, *see United States v. Jones,* 16 F.3d 275, 278 (8th Cir.1994), then *a fortiori* such evidence can be sufficient to establish probable cause for the issuance of a search warrant.

■ We hold that the magistrate judge had a substantial basis to conclude probable cause existed to issue a warrant to search Edmiston's apartment for his log book and other evidence of the aerial bombing of the motorcycle shop.[4] The District Court's order

---

4. Our holding makes it unnecessary to consider

Edmiston's argument that, if the warrant is un-

denying Edmiston's motion to suppress the evidence obtained during the search was thus not clearly erroneous, and the judgment of the District Court is affirmed.

supported by probable cause, the evidence seized pursuant to the execution of the warrant would not be admissible under the good faith exception to the exclusionary rule. *See United States v. Leon,* 468 U.S. 897, 906–08, 104 S.Ct. 3405, 3411–13, 82 L.Ed.2d 677 (1984).