### UNITED STATES of America, Plaintiff—Appellee,

v.

### Robert Holmes PETTEE, Defendant— Appellant.

No. 02–50463.

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 2004.*

Decided June 15, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Ronald L. Cheng, Esq., Office of the U.S. Attorney, Los Angeles, CA, Robert C. Stacy, II, Esq., Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Charles Theodore Mathews, Esq., Pasadena, CA, for Defendant–Appellant.

Before: D.W. NELSON, GIBSON,[**] and GRABER, Circuit Judges.

[**] The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM [***]

Appellant Robert Holmes Pettee was convicted of two counts of knowingly and unlawfully transferring a machinegun in violation of 18 U.S.C. § 922(*o*), and one count of knowingly possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). Pettee challenges the sufficiency of the evidence and claims that the district court erred in admitting character evidence in violation of Federal Rule of Evidence 404(b). We affirm.

Pettee did not make a standard Rule 29 motion for a judgment of acquittal based on the insufficiency of the evidence at any point during or after his trial. We typically review sufficiency claims for plain error if no such motion is filed. *See United States v. Alvarez–Valenzuela,* 231 F.3d 1198, 1200–01 (9th Cir.2000). Pettee did, however, file a motion for a new trial based on the insufficiency of the evidence, which was denied. Typically, we review the denial of a motion for new trial for abuse of discretion. *See United States v. Chen,* 754 F.2d 817, 821 (9th Cir.1985).

We need not determine whether Pettee's failure to move for a judgment of acquittal reduces our review of his sufficiency claim to plain error, or whether his motion for a new trial preserved that claim for our review under the traditional abuse of discretion standard. Under either standard it is clear that sufficient evidence was presented such that " 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. Kurt,* 986 F.2d 309, 312 (9th Cir.1993)

(quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

For example, Miller testified that Pettee gave him all the information about the guns, including that they were fully automatic machineguns. Miller even testified that he did not alter the guns in any way after receiving them from Pettee, and he did not pay or ask anyone else to alter them. Other witnesses, including Miller's sister and Pettee's ex-wife, confirmed that Pettee knew the weapons were fully automatic machineguns before they were transferred. These examples are only part of the ample testimony elicited at trial establishing that Pettee transferred the guns to Miller in their fully automatic state.

The evidence supporting Pettee's conviction under 18 U.S.C. § 922(*o*) also supports the conclusion that Pettee was the knowing owner of two fully automatic machineguns in violation of 26 U.S.C. § 5861(d). *See United States v. Gergen,* 172 F.3d 719, 725 (9th Cir.1999) ("[E]xternally visible characteristics weigh heavily as to [defendant's] knowledge of the shotgun's dangerous characteristics . . . .").

Pettee's evidentiary arguments fail as well. Pettee did not properly object to the whole of Jack Brant's testimony. Therefore, we review the admission of this testimony for plain error. *See United States v. Pino–Noriega,* 189 F.3d 1089, 1097 (9th Cir.1999). No plain error occurred. Contrary to Pettee's claim, Brant's testimony was not character evidence. Brant's testimony merely confirmed Pettee's own testimony that he had asked a friend to take some of the guns from his house before his arrest. Brant was that friend. Even if Brant's testimony was character evidence, it was not error to admit it under Federal Rule of Evidence 404(b) because it was relevant to Pettee's "guilty knowledge in a particular situation, not as proof that [Pettee] had criminal propensities in general." *United States v. Hardy,* 289 F.3d 608, 613 (9th Cir.2002).

Nor did any error stem from Brant's specific testimony that he felt "set up" by Pettee. Even if his testimony constituted impermissible character evidence, the court sustained Pettee's general objection to this testimony, and both parties agree that the court struck the testimony and issued a curative instruction as well. *See United States v. Sarkisian,* 197 F.3d 966, 988 (9th Cir.1999); *United States v. Aichele,* 941 F.2d 761, 765 (9th Cir.1991); *United States v. Morris,* 827 F.2d 1348, 1351 (9th Cir.1987). Furthermore, we cannot say that this one piece of subsequently unemphasized evidence was anything less than harmless in the face of other testimony at trial.

AFFIRMED.