**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Shane Steven WHITE, Defendant— Appellant.**

No. 03–30530.
D.C. No. CR03–00007–DWM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2004.

Decided Dec. 21, 2004.

Haywood S. Gilliam, Jr., Esq., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Dennis P. Riordan, Esq., Riordan & Rosenthal, San Francisco, CA, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, TASHIMA, and BYBEE, Circuit Judges.

## MEMORANDUM *

Shane White appeals his conviction following a jury trial for possession of a sawed-off shotgun in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ White contends that the district court erred in denying his motion for acquittal under Federal Rule of Civil Procedure 29 because there was insufficient evidence to prove that he knew his shotgun was unlawfully short. We must affirm the district court's denial of White's motion for acquittal if, "viewing the evidence in the light most favorable to the government, any rational trier of fact could have found [defendant] guilty beyond a reasonable doubt." *United States v. Corral–Gastelum,* 240 F.3d 1181, 1183 (9th Cir.2001). The government presented the jury with evidence that the barrel of the gun was less than 18 inches long and that White had sawed off the barrel of the shotgun himself and handled it in a robbery. We conclude that, based on this evidence, a reasonable trier of fact could have found beyond a reasonable doubt that White knew the barrel of the shotgun was unlawfully short. *See* 26 U.S.C. § 5845(a)(2); *United States v. Gergen,* 172 F.3d 719, 724–25 (9th Cir.1999) (concluding that,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

where defendant had handled the shotgun, the government had presented sufficient evidence to prove the defendant knew that the shotgun was unlawfully short).

■ Next, White contends that the district court erred in denying his motion to suppress two identification cards discovered during a search of his residence in an unrelated investigation. We review de novo the district court's denial of White's motion to suppress. *United States v. Jones*, 286 F.3d 1146, 1150 (9th Cir.2002). Even assuming, as White contends, that the plain view doctrine does not apply, we nonetheless conclude that the district court did not err in denying his suppression motion.

Evidence need not be suppressed, even if it was unlawfully seized, where the government proves by a preponderance of the evidence that "the information ultimately or inevitably would have been discovered by lawful means." *Nix v. Williams*, 467 U.S. 431, 444, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). We review for clear error the district court's factual determination as to whether the evidence would have been inevitably discovered. *United States v. Reilly*, 224 F.3d 986, 994 (9th Cir.2000). Here, the officer who seized the identification cards testified that he placed his initial call to inquire about items missing from the robbery based on the presence of other, suspicious items in White's trailer. We conclude that the district court's finding that the officers inevitably would have discovered the identification cards is not clearly erroneous.

The judgment of conviction is therefore AFFIRMED.