**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50295 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-01332-JAH-1 |
| v. | |
| RAUL VILLARREAL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50296 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-01332-JAH-2 |
| v. | |
| FIDEL VILLARREAL, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted May 4, 2015
Pasadena, California

Before: FISHER, BEA and FRIEDLAND, Circuit Judges.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Raul and Fidel Villarreal appeal their convictions and sentences for conspiracy to bring aliens into the United States for financial gain in violation of 18 U.S.C. § 371 (Count 1), bringing aliens into the United States for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) (Counts 2-12), receiving a bribe by a public official in violation of 18 U.S.C. § 201(b)(2)(A) and (C) (Count 13), and conspiracy to launder money through international promotion in violation of 18 U.S.C. § 1956(a)(2)(A) and (h) (Count 15). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part and remand.

**1.** The district court did not violate the Villarreals' Sixth Amendment right to a public trial by excluding the Villarreals' brother from the courtroom. Because this was a partial closure of the trial, *see United States v. Yazzie*, 743 F.3d 1278, 1288 n.4 (9th Cir. 2014), we apply the *Waller v. Georgia*, 467 U.S. 39, 48 (1984), factors as applied by *United States v. Sherlock*, 962 F.2d 1349, 1356-57 (9th Cir. 1989). *See United States v. Rivera*, 682 F.3d 1223, 1236 (9th Cir. 2012).

Applying the first factor, the district court had a "substantial reason," *Sherlock*, 962 F.3d at 1357, for excluding the Villarreals' brother from the courtroom. He had intimidated and threatened government witnesses, including by making throat-slashing gestures, following them into the hallway and staring them down. *See Rivera*, 682 F.3d at 1236 (noting that "protecting witnesses from fear of

2

testifying" may justify closing a courtroom); *United States v. Hernandez*, 608 F.2d 741, 747 (9th Cir. 1979) (explaining that "the right to a public trial does not preclude a limited exclusion of spectators when there is a demonstrated need to protect the witness from threatened harassment or physical harm").

As to the second factor, the closure was "narrowly tailored" to protect the integrity of the proceedings. *See Sherlock*, 962 F.2d at 1358. The district court excluded only a single spectator from the trial; other members of the Villarreal family were permitted to be present throughout the proceedings. Given the brother's serious and repeated misconduct, the district court was permitted to ensure the integrity of the proceedings by excluding him from the remainder of the trial, not only for testimony by government witnesses. The exclusion order was proportionate and appropriate under the circumstances. *Cf. United States v. Addison*, 708 F.3d 1181, 1188 (10th Cir. 2013) ("[I]t was proper in this case for the court to exclude [a single spectator] from the entire trial because more than one witness complained of intimidation. Indeed, protecting the participants in a trial is an integral part of protecting the integrity of the trial itself.").

Under the third factor, the district court adequately considered "reasonable alternatives to closing the proceeding." *Waller*, 467 U.S. at 48. The district court had already warned everyone in the courtroom, in the brother's presence, against

3

"nonverbal communications." Given the seriousness of the brother's misconduct, the district court was not required to provide a further admonishment before excluding him from the courtroom. *See Sherlock*, 962 F.2d at 1359.

Finally, turning to the fourth factor, the district court made "findings adequate to support the closure." *Waller*, 467 U.S. at 48. The district court was not required to hear from the intimidated witnesses themselves, as in *Guzman v. Scully*, 80 F.3d 772, 775-76 (2d Cir. 1996), because it was undisputed that the Villarreals' brother engaged in misconduct, and the conduct was per se intimidating. The court could have made more detailed findings on the scope of the closure, but under these circumstances, in which exclusion from the entire trial was plainly justified, the findings were sufficient for us to conduct an appellate review and conclude that the court carried out its obligations under *Waller*.

In sum, the Villarreals' right to a public trial was not violated.[1]

**2.** As the government concedes, "[t]here was no testimony from any witness that one brother aided or assisted the other in receiving bribes." Accordingly, as

---

[1] We reject the government's arguments that the Villarreals forfeited their right to a public trial by failing to object to the district court's closure order, *see Rivera*, 682 F.3d at 1232-35, that the closure was too trivial to implicate the public trial right, *see id.* at 1232 (noting that exclusion of a family member "implicates Sixth Amendment values more directly than the exclusion of the general public"), and that, under *Cosentino v. Kelly*, 102 F.3d 71, 73 (2d Cir. 1996), the *Waller/Sherlock* factors need not be examined.

the government also concedes , the district court erred by giving a supplemental

aiding and abetting instruction on the bribery count in response to a question from

the jury.  *See United States v. McLister*, 608 F.2d 785, 791 (9th Cir. 1979) ("It is of

course well established that an instruction should not be given if it lacks

evidentiary support . . . .").

    We need not decide whether giving the aiding and abetting instruction

amounted to constitutional error.  *Cf. Dixon v. William*s, 750 F.3d 1027, 1032 (9th

Cir. 2014) (describing how, in the habeas context, we determine whether an

erroneous jury instruction amounted to constitutional error).  Even applying the

less onerous prejudice standard governing nonconstitutional error, the government

has not demonstrated the error was harmless.

    To show that nonconstitutional error is harmless, "the government must

show a fair assurance that the verdict was not substantially swayed by the error."

*United States v. Chase*, 340 F.3d 978, 993 (9th Cir. 2003) (en banc) (internal

quotation marks omitted).  Here, the government has not left us with such a fair

assurance.  In fact, the record strongly suggests that the error did sway the jury's

verdict.  After deliberating for a full day without reaching a verdict, the jury felt it

necessary to ask the judge to clarify whether each of the elements of bribery had to

be found with respect to each of the Villarreals.  In response, the district court gave

5

the erroneous aiding and abetting instruction. Only after it received this erroneous instruction did the jury convict the Villarreals of bribery. Under these circumstances, we have no "fair assurance" the erroneous instruction did not substantially sway the jury's verdict. *Cf. United States v. Gergen*, 172 F.3d 719, 724 (9th Cir. 1999) ("[B]ecause the jury specifically requested further instruction as to the *mens rea* element, it is apparent the jury considered the *mens rea* element prior to finding Gergen guilty; the fact that the jury was influenced by the instruction is clear.").

In sum, because the supplemental instruction was given in error, and the error was not harmless, we vacate the Villarreals' bribery convictions.[2] We also necessarily vacate their sentences, which were based on the bribery convictions. We nonetheless address the Villarreals' claims of sentencing error because they may arise on remand. *See United States v. Van Alstyne*, 584 F.3d 803, 817 n.14 (9th Cir. 2009).

---

[2] Because we vacate the Villarreals' bribery convictions on this ground, we do not reach their arguments that the supplemental instruction violated Federal Rule of Criminal Procedure 30, that it erroneously set forth the mens rea for the offense of aiding and abetting bribery and that the district court violated their rights to due process of law by introducing a new aiding and abetting theory during jury deliberations without affording them the opportunity to present additional argument to the jury.

**3.** There was no error in the district court's jury instruction on conspiracy to commit money laundering. The court properly instructed the jury on the elements of the offense, including the underlying money laundering crime, 18 U.S.C. § 1956(a)(2)(A). *See United States v. Alghazouli*, 517 F.3d 1179, 1189 (9th Cir. 2008). The jury was instructed that, in order to find the Villarreals guilty, it had to find "there was an agreement between two or more persons to launder money through international promotion, that is, to transmit or transfer monetary instruments or funds from a place inside the United States to a place outside the United States *with the intent to promote the carrying on of the specified unlawful activity, that is, bringing aliens to the United States for the purpose of commercial advantage or private gain*." This instruction adequately covered the elements of the offense, including the specific intent required under § 1956(a)(2)(A). *See United States v. Trejo*, 610 F.3d 308, 313-14 (5th Cir. 2010). The Villarreals also have not presented any authority for the proposition that the court was required to denote the conspiracy elements and the elements of the underlying money laundering crime in separate instructions.

**4.** The district court did not misapply grouping principles. Under the plain language of the Sentencing Guidelines, "[t]he combined offense level is determined by taking the offense level applicable to the Group with the highest

7

offense level," not the Group with the highest statutory maximum. U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3D1.4. Accordingly, the district court properly relied on Group Two to establish the combined offense level, notwithstanding the 15-year statutory maximum sentence applicable to the bribery offense. We do not read *United States v. Brinton*, 139 F.3d 718, 721-22 (9th Cir. 1998), as holding otherwise. Nor did the district court's sentencing run afoul of U.S.S.G. § 5G1.2. The 10-year sentences the court imposed on the bribery counts fell within the 15-year statutory maximum. In addition, the guideline ranges calculated by the district court (although erroneous for other reasons, as discussed below) fell within the combined statutory maximums.

**5.** The district court did not err in imposing aggravating role adjustments. *See* U.S.S.G. § 3B1.1. First, the district court properly found the Villarreals had aggravating roles not only with respect to the alien smuggling counts but also with respect to the bribery count in particular. *See United States v. Antico*, 275 F.3d 245, 270 (3d Cir. 2001). The record shows the Villarreals exercised the same decisionmaking authority and control over the payments they received as they exercised over other aspects of the operation.

Second, the district court properly found there were five or more participants. Under the Guidelines, "[a] 'participant' is a person who is criminally

responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1 cmt. n.1.  Here, although only two persons actually received bribes, others – including Claudia Gonzalez, Hector Cabrera and Armando Garcia – aided and abetted the Villarreals in the crime of receiving bribes.  The participant requirement, therefore, is satisfied.  *See United States v. Smith*, 719 F.3d 1120, 1126 (9th Cir. 2013) ("Any person who knowingly abets the defendant's conduct qualifies as a 'participant.'").

Third, the district court properly found the Villarreals "exercised some degree of control or organizational authority over others."  *United States v. Avila*, 95 F.3d 887, 890 (9th Cir. 1996).  The evidence shows the Villarreals specifically directed Claudia Gonzalez in the manner in which their payments were to be made, as the district court found.

Fourth, the district court did not clearly err when it concluded the Villarreals received a "lion's share" of the proceeds of the smuggling operation.  *See* U.S.S.G. § 3B1.1 cmt. n.4.  The Villarreals point out that Ana Trotman may have received a greater share of the proceeds on some of the smuggling runs, but Trotman was not the only person supplying the operation.  Furthermore, even if the Villarreals did not receive the largest share of the proceeds, they received an enormous share, and, given the other evidence that they directed and controlled the operation, the court's

9

ultimate conclusion the Villarreals played aggravating roles was not clearly erroneous.

**6.** The district court erred in applying the Sentencing Guidelines. Under the Guidelines, a sentencing court should (1) conduct the grouping analysis under § 3D1.4, (2) determine a guideline range, (3) consider departures and (4) arrive at and adequately explain a sentence by reference to the 18 U.S.C. § 3553(a) factors. *See* U.S.S.G. § 1B1.1. Here, however, the district court appears to have (1) calculated a total offense level, including increases in the offense level to account for departures, (2) conducted a grouping analysis, (3) calculated a guideline range for Raul (none was calculated for Fidel) and (4) arrived at a sentence. The court erred by considering departures before calculating the guideline ranges. *See* U.S.S.G. §§ 1B1.1, 3D1.3(a); *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011); *United States v. Evans-Martinez*, 611 F.3d 635, 643 (9th Cir. 2010); *United States v. Joetzki*, 952 F.2d 1090, 1097 (9th Cir. 1991). The court also erred by failing to calculate a guideline range for Fidel and by calculating an erroneous guideline range for Raul. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). And the court erred by failing to adequately explain the sentences in light of the § 3553(a) factors. *See id.* at 992. The court should bear these considerations in mind on remand.

**7.** The district court did not err by finding that the Villarreals each received more than one bribe. *See* U.S.S.G. § 2C1.1(b)(1). "Although the payments were part of a larger conspiracy, they were not installment payments for a single action." *United States v. Kahlon*, 38 F.3d 467, 470 (9th Cir. 1994); *see* U.S.S.G. § 2C1.1 cmt. n.2. The Villarreals also offer no support for their contention they cannot be subject to the more-than-one-bribe enhancement merely because they were charged with a single count of bribery.

**8.** Because we vacate the sentences on other grounds, we do not reach the Villarreals' argument that their sentences were substantively unreasonable.

\* \* \*

We affirm the Villarreals' convictions for conspiracy to bring aliens into the United States for financial gain, bringing aliens into the United States for financial gain and conspiracy to launder money through international promotion. We vacate their convictions for receiving a bribe by a public official. We also vacate their sentences. We remand to the district court for proceedings consistent with this disposition.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**

The government's motion for judicial notice is **DENIED** as moot.