**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ROSARIO AURELIO MONTOYA-
GAXIOLA, AKA Rosario Montoya-
Gaxiola,
*Defendant-Appellant*.

No. 14-10255

D.C. No.
4:12-cr-01073-
JGZ-CRP-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted
May 11, 2015—San Francisco, California

Filed August 10, 2015

Before: Richard A. Paez and Richard R. Clifton, Circuit
Judges and Leslie E. Kobayashi,[*] District Judge.

Opinion by Judge Kobayashi

---

[*] The Honorable Leslie E. Kobayashi, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

The panel reversed a conviction for possessing an unregistered sawed-off shotgun with a barrel of less than eighteen inches in length, in violation of the National Firearms Act, 28 U.S.C. § 5861(d), and remanded for a new trial.

The panel held that the district court erred by failing to instruct the jury as to the mens rea element of the charge. The panel explained that Ninth Circuit Model Criminal Jury instruction 9.34, if strictly followed as it was in this case, is susceptible of being unwittingly misinterpreted as calling for the inclusion of a description of the weapon's identifying characteristics instead of instructing the jury to determine whether the defendant knowingly possessed a sawed-off shotgun with a barrel of less than eighteen inches long. The panel held that the error was not harmless.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Brenda Dabdoub-Caballero, Tucson, Arizona, for Defendant-Appellant.

Angela W. Woolridge (argued), Assistant United States Attorney; John S. Leonardo, United States Attorney; Robert L. Miskell, Appellate Chief, Tucson, Arizona, for Plaintiff-Appellee.

## OPINION

KOBAYASHI, District Judge:

Defendant-Appellant Rosario Montoya-Gaxiola ("Rosario") appeals the district court's judgment of conviction and sentence for, *inter alia*, violating the National Firearms Act ("the Act"), 26 U.S.C. §§ 5801–5872, arguing that the court failed to instruct the jury on the *mens rea* element of the charge. We agree. Ninth Circuit Model Criminal Jury Instruction 9.34, if strictly followed, as it was in this case, may result in an erroneous instruction. Since this error was not harmless, we reverse the conviction and sentence for violation of the Act, and remand for a new trial as to that count. We affirm on all other grounds.

## BACKGROUND

In the early morning of April 3, 2012, United States Border Patrol agents discovered Rosario, his brother Abel Montoya-Gaxiola ("Abel"), and Fermin Ruiz-Bracamontes

("Ruiz") in a remote part of the Arizona desert.[1]   Upon contact, the three men fled.  After they were apprehended, the agents recovered the following items on or near the men: blankets, large backpacks containing significant food rations, a radio scanner, multiple cellular phones, three firearms, and ammunition.  Central to this opinion, agents found a sawed-off shotgun lying near Rosario, and matching shells in his pockets.

The three men were indicted on charges of illegal reentry and firearm possession, as well as various charges of drug and firearm conspiracy.  Rosario  was also charged with violating the Act for possessing an unregistered sawed-off shotgun with a barrel of less than eighteen inches in length. Ruiz gave an incriminating post-arrest statement, and later pled guilty to multiple charges; the Government dismissed the other charges against him.  In their post-arrest statements the Montoya brothers maintained their innocence, stating that they were simply traveling from Mexico.  Rosario stated, both at the arrest scene and in his statement, that he had found the shotgun in the desert the day before.  The Montoya brothers pled guilty to illegal reentry, but went to trial on the other charges.

The Government's theory was that the three men were operating as a "rip crew," meaning that they planned to steal marijuana from drug smugglers, sell it, and split the proceeds. This theory was borne out by Ruiz's statement, which was suppressed at trial but considered by the court for enhancement purposes at the Montoya brothers' sentencing hearings.

---

[1] To avoid confusion, we refer to the Montoya brothers individually by their first names, as warranted.

After the Government rested, the district court directed a verdict for the Montoya brothers on all of the conspiracy counts. Only three remaining charges, Counts III and IV, for firearm possession by an illegal alien, and Count V, for violation of the Act, were left for the jury to decide.

Prior to submission of the case to the jury, counsel for Rosario orally requested a modification of the jury instruction regarding the Act on the basis that it lacked the proper *mens rea* element. Relying on Ninth Circuit Model Criminal Jury Instruction 9.34 ("Model Instruction"), the court made a minor modification but rejected the request regarding *mens rea*.

The jury returned a verdict of guilty on all three remaining counts. Rosario  timely appealed his conviction.[2]

---

[2] On appeal, Rosario also challenges the court's reliance on Ruiz's statement and Ruiz's plea agreement in enhancing his sentence. We addressed the same arguments regarding the reliability of Ruiz's statements in our concurrently filed memorandum disposition affirming Abel's sentence, *see United States v. Montoya-Gaxiola*, No. 13-10479 (9th Cir. August 10, 2015), and reject them for the same reasons here as to Rosario.

We also reject Rosario's challenge to his enhancement under U.S.S.G. § 2K2.1(b)(6). He contends that Application Note 14(B)(ii) requires that drug or drug paraphernalia be present with the firearm for the court to apply the enhancement. To the contrary, that note suggests that the presence of drugs is a sufficient, but not necessary, condition for enhancement. This court has held that the test is "whether the firearm had some potential emboldening role in the defendant's felonious conduct," *see United States v. Polanco*, 93 F.3d 555, 567 (9th Cir. 1996) (citation, internal quotation marks, and brackets omitted), and there is sufficient evidence in the record to support the district court's conclusion that it did. *Cf. United States v. Jimison*, 493 F.3d 1148, 1149 (9th Cir. 2007) (explaining that acquiring a gun to rob a bank would be sufficient for

On appeal, both parties concede that the jury instruction was erroneous, but dispute the impact of the error. We take this opportunity to discuss the Model Instruction in light of its commentary and the case law, and ultimately reverse and remand for proceedings consistent with this opinion as to Count V.

## DISCUSSION

The statute at issue, 26 U.S.C. § 5861(d), provides that, "[i]t shall be unlawful for any person . . . to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record[.]" As defined by the Act, the term "firearm" includes: "(1) a shotgun having a barrel or barrels of less than 18 inches in length; [or] (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length[.]" 26 U.S.C. § 5845(a). Although the statute is silent as to a *mens rea* requirement, the Supreme Court has held that "to obtain a conviction, the Government [is] required to prove that [a defendant] knew of the features of his [weapon] that brought it within the scope of the Act." *Staples v. United States*, 511 U.S. 600, 619 (1994) (footnote omitted).

In *United States v. Gergen*, 172 F.3d 719 (9th Cir. 1999), this court applied the rule from *Staples* in a case involving a sawed-off shotgun, where the defendant's knowledge of the feature was disputed. There, the district court gave an instruction negating the *mens rea* element. Gergen was indicted under § 5861(d) after police officers found his

---

enhancement, even if the defendant had not cased the location or even identified a specific bank to rob).

friend's sawed-off shotgun partially wrapped in a jacket in the backseat of Gergen's car.  Evidence at trial showed that Gergen knew that the shotgun was in his car and he had moved it, but not necessarily that he had unwrapped it or held it for any length of time.  The district court correctly instructed the jury that the Government was required to prove that: (1) Gergen possessed a sawed-off shotgun; (2) he did so knowingly; (3) he was aware of the features of the sawed-off shotgun that brought it within the statute; and (4) he had not registered it.  *Id.* at 721.

Defense counsel argued during closing that the Government was required to prove that Gergen knew that the shotgun was illegal, and the Government objected.  Based on that exchange and a specific request for clarification by the jury during deliberations, the district court gave a supplemental instruction stating that the "Government [was] not required to show that the defendant specifically knew: (1) the barrel length of the shotgun was less than 18 inches, or (2) the overall length of the shotgun was less than 26 inches."  *Id.*

This court applied *Staples* and concluded that the district court had "erroneously eliminated the *mens rea* requirement[,]" which was "an essential element of a § 5861(d) violation."  *Id.* at 724.  In doing so, we adopted the majority rule that *Staples* requires knowledge of the specific characteristic of the sawed-off shotgun that brings it within the Act, not simply knowledge that the shotgun is sawed off.[3]

---

[3] We have subsequently reiterated that rule.  *See, e.g.*, *United States v. Summers*, 268 F.3d 683, 687–88 (9th Cir. 2001) ("[T]he government was required to prove beyond a reasonable doubt that Summers knew the

*Id.* at 723–24. We found that the erroneous jury instruction "seriously affected the fairness of the proceedings" and, since there was sufficient evidence that Gergen knew the weapon's characteristics, remanded for a retrial.[4] *Id.* at 724–25.

The law then is clear that, in order to convict under § 5861(d) for possession of a sawed-off shotgun with a short barrel, the Government must prove that the defendant knew the specific characteristics that made it a firearm within the Act, that is, having a barrel of less than eighteen inches long. What is less clear is whether the Model Instruction accurately captures this requirement. Recognizing the reliance by district courts and counsel alike on the Model Instruction, we examine whether it directs the inclusion of the specific characteristics which make the weapon a "firearm" within the Act.

We start first with the Model Instruction's language, including its comment:

### 9.34 FIREARMS—POSSESSION OF UNREGISTERED FIREARM (26 U.S.C. § 5861(d))

The defendant is charged in [Count _____ of] the indictment with [possession] [receipt] of an unregistered firearm in

---

shotgun found in his car had an overall length of less than 26 inches or a barrel length of less than 18 inches." (citations omitted)).

**4** If there had been insufficient evidence, the court would have directed a verdict of acquittal, and thereby foreclosed an opportunity for a retrial. *Gergen*, 172 F.3d at 724–25.

violation of Section 5861(d) of Title 26 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly [[possessed] [received]] [*specify firearm*]; and

Second, the [*specify firearm*] was not registered to the defendant in the National Firearms Registration and Transfer Record.

### Comment

For a definition of "firearm," *see* 26 U.S.C. § 5845(a).

The government must prove that the defendant knew of those features which brought the firearm within the scope of the statute. *See Staples v. United States*, 511 U.S. 600, 619 (1994) ("to obtain a conviction, the Government should have been required to prove that petitioner knew of the features of his AR-15 that brought it within the scope of the Act"). *See also United States v. Gergen*, 172 F.3d 719, 724 (9th Cir. 1999) (mens rea requirement that the defendant know of the particular characteristics of the firearm which bring it within the scope of the statute). The government need not prove that the defendant knew that possessing the firearm was illegal.

> *United States v. Summers*, 268 F.3d 683, 688
> (9th Cir. 2001).

The comment correctly encapsulates the *mens rea* requirement. However, the Model Instruction itself does not.

Here, after the Government rested, Rosario's counsel orally requested that the court modify its preliminary jury instruction for Count V, which had been submitted by the Government. The preliminary instruction read:

> Defendant Rosario Montoya-Gaxiola is charged in Count Five of the Indictment with Possession of Unregistered Firearm in violation of Sections 5841, 5861(d) and 5871 of Title 26 of the United States Code. In order for the defendant to be found guilty of this charge the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant knowingly received or possessed a firearm; and
>
> Second, the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.
>
> For purposes of this offense, the term "firearm" includes any shotgun having a barrel less than 18 inches.

Defense counsel objected that the *mens rea* element was not clear in the proposed instruction. The court responded by

adding certain descriptive aspects of the shotgun to the first paragraph, but not the features that would have made it illegal under the Act.

The final jury instruction required that the jury find:

> First, the defendant knowingly received or possessed one Winchester, model 1200, 12 gauge shotgun, serial number L936588; and

> Second, the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

> For purposes of this offense, the term "firearm" includes any shotgun having a barrel less than 18 inches.

Thus, the jury instruction given was erroneous since it failed to instruct the jury as to the first element of the offense, namely, whether Rosario knew that the shotgun's barrel was less than eighteen inches.

The error was largely due to the text of the Model Instruction, which is unclear as to what is meant by "[*specify firearm*]." If read in conjunction with the comment, it may become apparent that this bracketed directive refers to the description of the illegal aspect of the firearm involved in the alleged crime as defined in 26 U.S.C. § 5845(a). This subtlety, however, is not readily apparent in the Model Instruction itself. As a result, the Model Instruction is susceptible of being unwittingly misinterpreted as calling for the inclusion of a description of the weapon's identifying characteristics (such as make, caliber and serial number).

As applied to this case, the error occurred when the jury instruction directed the jury to determine whether Rosario "knowingly received or possessed one Winchester, model 1200, 12 gauge shotgun, serial number L936588," instead of instructing the jury to determine whether Rosario "knowingly possessed one sawed-off shotgun with a barrel less than eighteen inches long."

While acknowledging the error, the Government nonetheless argues that it was harmless because the shotgun was "obviously 'sawed off' or short barreled." We conclude otherwise.

The harmless error test for an erroneous jury instruction is "whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Neder v. United States*, 527 U.S. 1, 15 (1999) (citation and internal quotation marks omitted). "Omitting an element is harmless if the omitted element is uncontested and supported by overwhelming evidence. The Supreme Court has noted, however, that a jury instruction error would not be harmless if a defendant 'contested the omitted element and raised evidence sufficient to support a contrary finding.'" *United States v. Cherer*, 513 F.3d 1150, 1155 (9th Cir. 2008) (some brackets, citations and internal quotation marks omitted) (quoting *Neder*, 527 U.S. at 19).

To convict under the Act, the Government needed to prove beyond a reasonable doubt that Rosario knew that the shotgun had a barrel of less than eighteen inches, not simply that it was sawed off. *See, e.g.*, *Summers*, 268 F.3d at 687–88. While two Border Patrol agents and two Bureau of Alcohol, Tobacco, Firearms, and Explosives agents testified that the shotgun was visibly sawed off, only one agent — a

"gunsmith" and licensed federal firearms dealer — testified that the "barrel length appear[ed] to be under 18 inches, the legal length for a shotgun." The only other evidence supporting the Government's position that the shotgun's barrel appeared to be less than eighteen inches was the photograph of the shotgun and the shotgun itself, which the Government presented at trial. The record evidence of the shotgun's apparent length is not overwhelming.

Furthermore, there was evidence contesting Rosario's knowledge of the barrel length. The single defense witness, Sergio Murueta, an investigator from the Federal Public Defender's Office, who viewed the shotgun in investigating the case and had experience working with ballistics, testified that he could not tell the length of the shotgun just by viewing it. And the barrel actually measured 14.5 inches, shorter than eighteen inches, but not so much shorter that anyone looking at the shotgun would have recognized that the weapon was a "firearm." *See, e.g.*, *Gergen*, 172 F.3d at 720 (finding error not harmless where barrel measured 13.5 inches). There was also trial testimony about Rosario's statements to agents that he had found the shotgun the day before he was arrested, and therefore may not have been familiar with its length. Since there was evidence that it was not readily apparent that the shotgun was short-barreled and that Rosario had only recently acquired it, the Government's evidence of the *mens rea* element was sufficiently contested.

The Government's burden in proving harmless error is a high one and it is undisputed that the district court omitted one of the two elements of the crime charged. Although there was sufficient evidence that a jury could find, under the correct instruction, that Rosario knew that the gun's barrel measured under eighteen inches, it was neither overwhelming

nor uncontested. *See Cherer*, 513 F.3d at 1155. Consistent with *Gergen*, we conclude that the error was not harmless. Since it does not appear "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained," *Neder*, 527 U.S. at 15 (citation and internal quotation marks omitted), we reverse and remand for proceedings consistent with this opinion as to Count V.

**REVERSED IN PART AND REMANDED.**