**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10479 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-01073-JGZ-CRP-2 |
| v. | |
| ABEL EDUARDO MONTOYA-GAXIOLA, AKA Abel Montoya-Gaxiola, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted May 11, 2015
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges and KOBAYASHI,** District Judge.

Abel Montoya-Gaxiola ("Abel") appeals his enhanced sentence, pursuant to

18 U.S.C. § 922(g)(5)(A) and U.S.S.G. § 2K2.1(b)(6)(B), for possession of a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Leslie E. Kobayashi, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

firearm or ammunition by an illegal alien in connection with another felony offense. Abel, his brother Rosario Montoya-Gaxiola ("Rosario"), and Fermin Ruiz-Bracamontes ("Ruiz") were apprehended in the Arizona desert with or near blankets, large backpacks with significant food rations, a radio scanner, multiple cellular telephones, three firearms, and ammunition.[1] All three made statements to border patrol agents.

They were each charged with illegal reentry and firearm possession, and various drug and firearm conspiracy charges. Ruiz pled guilty to certain charges and, as part of his plea agreement, the Government dismissed the others. The Montoya brothers pled guilty to illegal reentry, but went to trial on the other charges against them.[2]

After four days of Government testimony, the district court directed a verdict in favor of the Montoya brothers on the conspiracy charges. Although the district court stated that the Montoya brothers were clearly "up to no good," it

---

[1] To avoid confusion, we refer to the Montoya brothers individually by their first names, as warranted.

[2] In an opinion filed concurrently with this memorandum disposition, we reversed Rosario's conviction on Count V relating to the firearm possession charge under 28 U.S.C. § 5861(d). *See United States v. Montoya-Gaxiola*, No. 14-10255 (9th Cir. filed August 10, 2015).

found that the Government had offered insufficient evidence of a specific plan or agreement to conspire to steal and sell drugs for those charges to go to the jury. The jury convicted on the remaining charges, including the firearm possession charge against Abel.

At Abel's sentencing, the district court considered Ruiz's post-arrest statement as well as the factual predicate to his plea agreement, which he assented to at his change of plea hearing before the magistrate judge. It found that Ruiz's statements were sufficiently reliable to consider at sentencing and determined that they, along with the evidence deduced at trial, proved by clear and convincing evidence that, for sentencing purposes, Abel had been part of a conspiracy. Abel contends that the district court's reliance on Ruiz's statements violated his Fifth Amendment right to due process and Sixth Amendment right to confrontation. We reject these arguments, and affirm.

The right to confrontation does not apply at sentencing. *See, e.g.*, *Williams v. New York*, 337 U.S. 241, 250-51 (1949); *United States v. Petty*, 982 F.2d 1365, 1367-68 (9th Cir. 1993); U.S.S.G. § 6A1.3(a). However, we have held that "a defendant clearly has a due process right not to be sentenced on the basis of materially incorrect information." *Petty*, 982 F.2d at 1369. "Due process requires that some minimal indicia of reliability accompany a hearsay statement." *United*

3

*States v. Horvath*, 522 F.3d 904, 906 (9th Cir. 2008) (order denying rehearing en banc) (citation and internal quotation marks omitted).  We review the reliability of evidence presented at sentencing for abuse of discretion.  *See United States v. Hernandez-Guerrero*, 633 F.3d 933, 935 (9th Cir. 2011).

The district court did not abuse its discretion in finding Ruiz's statements reliable.  Unlike in *United States v. McGowan*, 668 F.3d 601, 606-08 (9th Cir. 2012), and *United States v. Jordan*, 256 F.3d 922, 931-33 (9th Cir. 2001), Ruiz's statements were corroborated by ample evidence presented at trial, such as the agents' testimony, the Montoya brothers' statements, and items found at the arrest scene.  Rather than contradict the evidence at trial, Ruiz's statements completed the picture of what exactly the three men were doing in the desert.  Thus the district court's conclusion that Ruiz's statements were reliable was not "illogical, implausible or without support in inferences that may be drawn from the facts in the record."  *Meier v. Colvin*, 727 F.3d 867, 869-70 (9th Cir. 2013) (citing *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc)).  For similar reasons, the district court did not abuse its discretion in concluding that the Government established Abel's involvement in a conspiracy by clear and convincing evidence.

**AFFIRMED**.