**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30065 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00049-SPW-1 |
| v. | |
| WILLIAM KRISSTOFER WOLF, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted May 12, 2017[**]
Seattle, Washington

Before: McKEOWN, BEA, and N.R. SMITH, Circuit Judges.

Following a jury trial, William Krisstofer Wolf was convicted of: (1) illegal

possession of a machine gun (an Izhmash, Model Saiga-12, 12 gauge shotgun), in

violation of 18 U.S.C. § 922(o); and (2) possession of this same firearm, which

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841 and 5871. Wolf was sentenced to 72 months imprisonment. Wolf timely appealed his judgment of conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, because a ruling on a motion *in limine* is a preliminary opinion that falls within the discretion of the district court, *Luce v. United States*, 469 U.S. 38, 41-42 (1984), Wolf should have appealed the district court's rulings from his renewed objections to the admission of the evidence at trial. However, Wolf did renew his objections at trial, therefore preserving the issue for appeal.

The district court did not abuse its discretion in dismissing Wolf's motion *in limine* as untimely. Wolf does not demonstrate good cause to justify his untimely filing. *See Shotwell Mfg. Co. v. United States*, 371 U.S. 341, 362-64 (1963).

Moreover, the district court did not abuse its discretion by stating its intention to admit Wolf's statements over his Federal Rule of Evidence 403 objections at the pretrial conference. At trial, Wolf argued that: (1) he was entrapped by the government; and (2) he did not have the necessary *mens rea* (he claimed he lacked knowledge that the gun was fully automatic and that it had a shortened barrel). The government had the burden to demonstrate that Wolf knew the firearm was fully automatic and had a shortened barrel. *See United States v.*

2

*Montoya-Gaxiola*, 796 F.3d 1118, 1121 (9th Cir. 2015). Evidence of Wolf's statements about his plan to engage in an upcoming war with the government and his desire to obtain powerful weapons to fight in that conflict, was probative of his knowledge, motive, intent, and absence of mistake, and was not substantially outweighed by a risk of unfair prejudice.

In addition, the district court did not commit plain error by not suppressing Wolf's statements as speech protected by the First Amendment. The First Amendment is not an evidentiary rule of exclusion. *See Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993) ("The First Amendment . . . does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent."). Here, Wolf was not prosecuted and convicted based on his speech. Rather, the government used aspects of Wolf's statements as evidence of his state of mind, intent, predisposition, lack of reluctance to commit the offense, and absence of mistake.

Second, the evidence presented at trial supports the jury's finding that Wolf was not entrapped by the actions of the government agents. Specifically, the evidence supports the jury's findings that: (1) Wolf was not induced to purchase the fully-automatic shotgun with a shortened barrel; and (2) Wolf was predisposed to commit the crime. *See United States v. Mohamud*, 843 F.3d 420, 432 (9th Cir.

3

2016) ("To avoid a finding of entrapment, the government must prove that: (1) [the defendant] was predisposed to commit the crime before government agents contacted him, or (2) government agents did not induce him to commit the crime.").

Third, Wolf challenges his 72-month sentence, which resulted from a 21-month upward variance under 18 U.S.C. § 3553(a). The district court did not depart upward from the Guidelines range, but rather varied upward pursuant to § 3553(a). *See Irizarry v. United States*, 553 U.S. 708, 714 (2008) ("'Departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines."). The district court used the fact that the firearm had multiple illegal features as one basis, among many, for an upward variance when looking at the nature and circumstances of the offense under § 3553(a). It was correct for the district court to consider the increased dangerousness and dual illegality of the firearm. *See* 18 U.S.C. § 3661. Wolf's 72-month sentence is reasonable and not greater than necessary.

**AFFIRMED.**