**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF
AMERICA,
 *Plaintiff-Appellee*,

v.

GABRIEL RIVERO,
 *Defendant-Appellant.*

Nos. 17-10114
17-10115

D.C. Nos.
4:16-cr-00713-FRZ-BGM-1
4:08-cr-00771-FRZ-BGM-2

OPINION

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted March 12, 2018
San Francisco, California

Filed May 2, 2018

Before: Richard A. Paez and Sandra S. Ikuta, Circuit
Judges, and Eric N. Vitaliano,[*] District Judge.

Opinion by Judge Ikuta

---

[*] The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

The panel affirmed a conviction for attempting to smuggle ammunition from the United States, in violation of 18 U.S.C. § 554(a), and the revocation of the defendant's supervised release from a prior conviction.

Section 554(a) imposes criminal penalties on whoever fraudulently or knowingly exports or attempts to export any "merchandise, article, or object" contrary to any law or regulation of the United States. At trial, the defendant objected to the jury instructions and the prosecutor's closing argument, contending that § 554(a) required the government to prove that the defendant knew he was exporting ammunition. The panel held that the district court did not err in overruling those objections, because § 554 does not require the government to prove that the defendant knew the nature of the "merchandise, article, or object" that the defendant was exporting contrary to law.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Christopher L. Scileppi (argued), Law Offices of Christopher L. Scileppi PLLC, Tucson, Arizona, for Defendant-Appellant.

Angela Walker Woolridge (argued), Assistant United States Attorney; Robert L. Miskell, Appellate Chief; Elizabeth A. Strange, First Assistant United States Attorney; United States Attorney's Office, Tucson, Arizona; for Plaintiff-Appellee.

**OPINION**

IKUTA, Circuit Judge:

Gabriel Rivero appeals his jury conviction for attempting to smuggle ammunition from the United States, in violation of 18 U.S.C. § 554(a), which imposes criminal penalties on "[w]hoever fraudulently or knowingly exports . . . or attempts to export . . . any merchandise, article or object contrary to any law or regulation of the United States." At trial, Rivero objected to the jury instructions and the prosecutor's closing argument, contending that § 554(a) required the government to prove that Rivero knew he was exporting ammunition. We conclude that the district court did not err in overruling those objections, because § 554 does not require the government to prove that the defendant knew the nature of the "merchandise, article, or object" that the defendant was exporting contrary to law. 18 U.S.C. § 554(a).

I

On February 11, 2016, Gabriel Rivero was driving a pickup truck from the United States into Mexico at the

Mariposa Port of Entry in Nogales, Arizona. When his truck passed a speed bump approximately 300 meters from the border, a spare tire fell from the back of his vehicle. Rivero attempted to load the tire back into the truck, but he eventually moved it to the side of the road instead and drove away, entering Mexico. U.S. Customs and Border Protection cameras captured the incident. Officers dispatched to the abandoned tire observed ammunition on the ground next to the tire and more ammunition visible through a rupture in the tire. In total, officers recovered 5,441 rounds of ammunition from the scene.

Approximately one hour after the officers were notified of the tire, Gabriel Rivero's brother, Sergio, drove the same truck through the same port of entry, coming from Mexico, and officers seized the vehicle. While officers were interviewing Sergio, Gabriel Rivero, returning to the United States on foot, was identified through security camera footage. Officers found that Gabriel lacked authority to export the ammunition.

On March 12, 2016, Gabriel Rivero entered the United States again and was detained by law enforcement. Rivero initially invoked his *Miranda* rights, but later asked to speak with the officers as they were preparing to transport him to county jail. Officers showed Rivero pictures of the truck, the tire, and the ammunition. Rivero admitted that he had been driving the truck when the incident occurred. One of the officers, investigator Daniel Chaves asked, "Why would you choose to transport weapons and ammunition?" Rivero responded, "It was ammo." Chaves then asked Rivero, "Why did you choose to transport ammo?" Rivero responded that he "couldn't find a job," and was offered $500 to transport the ammunition.

On April 6, 2016, the government charged Rivero on two counts: (1) smuggling goods from the United States under 18 U.S.C. § 554(a), 22 U.S.C. § 2778, and 22 C.F.R. §§ 121.1, 123.1; and (2) possession of ammunition by a convicted felon under 18 U.S.C. §§ 922(g)(1), 924(a)(2). Count 1 alleged that Rivero had "knowingly attempted to export and send from the United States any merchandise, article, or object contrary to any law or regulation of the United States," and listed the various types of ammunition recovered. Count 1 further alleged that the export of such ammunition was contrary to 22 U.S.C. § 2778 and 22 C.F.R. §§ 121.1, 123.1 and therefore in violation of 18 U.S.C. § 554(a). Rivero moved to sever Count 2 and the district court granted the motion.

A three-day jury trial on Count 1 was held in December 2016. At trial, Rivero presented evidence to show that he lacked "knowledge prior to transporting [the truck] that there was ammunition in the vehicle," but rather "only learned that there was ammunition in the vehicle once the wheel fell out" and ruptured. At the close of the evidence, Rivero moved for a directed verdict, which the district court denied. The district court then outlined the proposed jury instructions, to which Rivero did not object.

In closing argument, the government argued that the evidence showed that Rivero knew he was smuggling something that was illegal. Rivero's counsel objected on the ground that Count 1 required that a person "kn[o]w he was transporting weaponry, armaments, munitions across the line," and that the government had to prove that Rivero knew he was smuggling ammunition. The district court overruled this objection.

The district court then instructed the jury that the elements of the offense for 18 U.S.C. § 554(a) were as follows:

> First, the defendant knowingly attempted to export and send from the United States any item, or received, concealed, bought, sold, or in any manner facilitated the transportation, concealment or sale of the item prior to exportation;
>
> Second, the defendant knew the item was intended for exportation, and
>
> Third, the exportation of the item is contrary to any law or regulation of the United States.

Rivero's counsel objected to this instruction on the same ground, and the district court again overruled it.

The jury returned a guilty verdict on Count 1 and the government dismissed Count 2. Rivero was sentenced to 92 months imprisonment, followed by 3 years of supervised release. Because Rivero's conviction violated the terms of supervised release from a prior felony conviction, his supervised release from that conviction was revoked and he was given a 10-month sentence for the prior conviction, to run concurrently with his sentence for his violation of § 554(a).

II

The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review

de novo "whether the jury instructions accurately define the elements of a statutory offense." *United States v. Chi Tong Kuok*, 671 F.3d 931, 945 (9th Cir. 2012) (quoting *United States v. Summers*, 268 F.3d 683, 687 (9th Cir. 2001)).

Rivero's principal argument on appeal is that the district court failed to instruct, and the government failed to prove, the requisite mens rea to convict a defendant under 18 U.S.C. § 554(a) for exporting items contrary to 22 U.S.C. § 2778 and the associated regulations. Section 554(a) makes it unlawful to knowingly export or attempt to export "any merchandise, article, or object contrary to any law or regulation of the United States."[1] Section 2778 imposes registration and licensing requirements on the export of certain munitions and makes it illegal to export those munitions without a license. 22 U.S.C. § 2778(a), (b)(1), (b)(2). The applicable regulations designate the types of ammunition that are subject to the requirements of § 2778(b)(2) and require a person who intends to export such items to obtain government approval prior to export. *See* 22 C.F.R. §§ 121.1, 123.1(a). Section

---

[1] Section 554(a) provides in full:

> Whoever fraudulently or knowingly exports or sends from the United States, or attempts to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 554(a).

2778(c) provides that "[a]ny person who willfully violates any provision of this section . . . shall upon conviction be fined for each violation not more than $1,000,000 or imprisoned not more than 20 years, or both."   22 U.S.C. § 2778(c).

Rivero makes two arguments regarding mens rea.  First, Rivero argues that when the government prosecutes a defendant under § 554(a) for exporting items contrary to § 2778, the government must prove that the defendant knew that the exported items were arms, munitions, or military equipment as specified in § 2778 and the associated regulations.    Second, Rivero argues that in such a prosecution, § 554(a) incorporates the mens rea of § 2778(c), such that the government must prove that the defendant smuggled such items "willfully," not just "knowingly" as stated in § 554(a).

The Supreme Court has provided guidance on how to interpret and apply the term "knowingly" in a criminal statute such as § 554(a).  *See, e.g.*, *Dixon v. United States*, 548 U.S. 1, 5 (2006) (stating that "unless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense," as opposed to proof that the defendant "acted with knowledge that his conduct was unlawful.") (quoting *Bryan v. United States*, 524 U.S. 184, 193 (1998)).  As we have explained, "absent clear indicia of congressional intent to the contrary, an interpretation of 'knowingly' in a criminal statute" should be consistent with two basic principles.  *United States v. Crowder*, 656 F.3d 870, 874 (9th Cir. 2011).  First, the interpretation "should require the government to prove the defendant's knowledge of the facts that constitute the offense."  *Id.*  Second, "knowingly" in a criminal statute

should not be interpreted to "criminalize a broad range of apparently innocent conduct." *Id.* (quoting *Liparota v. United States*, 471 U.S. 419, 426 (1985)).

Construing § 554(a) in accord with these principles, we reject Rivero's argument that the government had to prove that Rivero knew the exact nature of the items he attempted to export. First, the facts that constitute the offense are the export of "any merchandise, article, or object contrary to any law or regulation." 18 U.S.C. § 554(a). Nothing in the language of the statute requires knowledge of the nature of the merchandise, article, or object. If Rivero knew that the truck contained merchandise that was unlawful to export, but elected not to look in the truck, he would meet the requirements of § 554(a) of knowing that he was exporting "merchandise . . . contrary to law." Second, applying "knowingly" in this manner does not "criminalize a broad range of apparently innocent conduct." *Liparota*, 471 U.S. at 426.

By contrast, interpreting § 554(a) to require the government to prove that the defendant knew the nature of the "merchandise, article or object" would lead to the absurd result that individuals could avoid criminal liability simply by being willfully blind to the precise nature of the goods they were unlawfully exporting or attempting to export. We avoid giving such "absurd or irrational" interpretations. *United States v. LKAV*, 712 F.3d 436, 440 (9th Cir. 2013); *see also United States v. Casasola*, 670 F.3d 1023, 1029 (9th Cir. 2012) ("[W]e do not impute to Congress an intent to create a law that produces an unreasonable result.").

Because § 554(a) does not require the government to prove that the defendant knew the nature of the "merchandise,

article, or object" that the defendant was exporting or attempting to export "contrary to any law or regulation," the district court did not err in overruling Rivero's objections to either the jury instructions or the government's statement of the law during closing arguments.[2]

Rivero raises two arguments to the contrary. First, Rivero argues that *United States v. Cardenas*, 810 F.3d 373 (5th Cir. 2016) (per curiam) requires the government to prove knowledge of the identity of the item as an element of § 554(a). We disagree. *Cardenas* involved a defendant convicted of violating 18 U.S.C. § 554(a) for attempting to export ammunition in a manner contrary to 22 U.S.C. § 2778. *Id.* at 374. On appeal, the defendant argued that "the district court should have instructed the jury that, to find him guilty of violations of § 554(a) (smuggling from the United States), it must find that he violated 22 U.S.C. § 2778(c) (control of arms exports and imports), with the specific intent to violate the law." *Id.* The defendant conceded "that he believed that the ammunition was destined for Mexico," and "that the evidence would allow a finding that he suspected that the exportation of ammunition was illegal or that he was acting in reckless disregard of whether his actions were illegal." *Id.* at 375. Because the defendant conceded that he knew he was exporting ammunition, the Fifth Circuit did not consider whether § 554(a) required the government to prove this knowledge. Rather, the Fifth Circuit rejected the defendant's argument the government had to prove specific intent, i.e., that the defendant knew that § 2778 required that he have an export license. Instead, the Fifth Circuit held that "to

---

[2] Rivero does not argue that the district court erred in instructing the jury that he did not need to know that exporting the "merchandise, article or object" was unlawful, so we do not reach this issue.

establish an offense under § 554(a), the Government is required to prove only that the defendant knew he was dealing with ammunition that was intended for export and that the exportation was illegal." *Id.* at 374. Accordingly, *Cardenas* provides no support for Rivero's argument that the government had to prove he knew he was exporting or attempting to export ammunition; rather, it supports our conclusion that the government need not prove that a defendant had specific intent to violate § 2778.

We also reject Rivero's argument that § 554(a) incorporates the mens rea of "willfully" from § 2778(c). Although § 2778(c) imposes criminal penalties on "[a]ny person who *willfully* violates" the registration and licensing requirements applicable to persons intending to export certain munitions, 22 U.S.C. § 2778(c) (emphasis added), Rivero was not charged with violating § 2778. Rather, Rivero was charged with violating § 554(a) by exporting items contrary to law, which requires the mens rea of *knowingly* exporting such items. The government proved this element of the § 554(a) offense by establishing that Rivero knowingly exported ammunition without a license, in violation of § 2778(b). The government did not have to prove the elements necessary to convict Rivero under § 2778(c), because conviction under § 2778(c) is not an element of the offense of violating § 554(a).

Accordingly, we affirm both Rivero's conviction and his revocation of supervised release.

**AFFIRMED.**