NOT FOR PUBLICATION

FILED

FEB 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10548 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00024-MCE-1 |
| v. | |
| HELAMAN HANSEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted November 15, 2021
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and RESTANI,[**] Judge.

Helaman Hansen ("Hansen") appeals his conviction and 240-month sentence

for twelve counts of mail fraud, three counts of wire fraud, and two-counts of

encouraging or inducing illegal immigration for private financial gain. Hansen

argues that the district court (1) abused its discretion by excluding additional

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

portions of several recordings admitted by the government at trial; (2) erred in refusing to allow him to introduce audiotape evidence of a tour he gave investigators; (3) provided an erroneous jury instruction on good faith that negated his defense that he honestly believed adult adoption would lead to citizenship; (4) improperly applied three sentencing enhancements; (5) imposed a substantively unreasonable sentence; and (6) improperly denied his motion to dismiss convictions for the two counts of encouraging or inducing an alien to reside in the United States for financial gain because the underlying statute is unconstitutional (Counts 17 and 18). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291 and affirm on the first four issues.[1]

Challenges to evidentiary rulings, including the Rule of Completeness, are reviewed for abuse of discretion. *United States v. Lopez*, 4 F.4th 706, 714 (9th Cir. 2021). "Evidentiary errors do not require reversal unless they more probably than not tainted the verdict." *United States v. Fontenot*, 14 F.3d 1364, 1371 (9th Cir. 1994). We conduct a *de novo* review of "whether the jury instructions accurately define the elements of a statutory offense." *United States v. Rivero*, 889 F.3d 618,

---

[1] In a separate opinion, filed simultaneously with this memorandum disposition, we discuss the facts of this case, vacate the conviction on Counts 17 and 18, and remand for resentencing on all affirmed counts of conviction. Because we remand for resentencing, we do not reach Hansen's argument regarding the substantive reasonableness of his sentence.

620 (9th Cir. 2018) (citation omitted). "We review the district court's interpretation of the Sentencing Guidelines *de novo,* its application of the Guidelines to the facts of the case for an abuse of discretion, and its factual findings for clear error." *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014). The government must at trial establish a sentencing "enhancement by a preponderance of the evidence." *United States v. Walter-Eze*, 869 F.3d 891, 914 (9th Cir. 2017).

1.      Hansen sought the admission of additional recordings related to a jail phone call, internet videos, and interviews with law enforcement. "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Courts only admit additional portions of the writing or statement to correct a misleading impression. *Vallejos*, 742 F.3d at 905. Even assuming *arguendo* that the district court abused its discretion by not permitting additional portions of these recordings to be played, any error did not more probably than not impact the verdict: Hansen testified twice at the trial so could explain his beliefs, the jury was presented with a plethora of evidence regarding his culpability, and the probative value of the evidence he sought to admit was low. *See Lopez*, 4 F.4th at 717.

2.	Hansen next contends that the district court erred when it refused to permit the introduction of audio clips of a tour he gave to immigration officials. The district court erred in refusing to admit this evidence because it showed Hansen's then-existing state of mind. *See* Fed. R. Evid. 803(3). However, the exclusion of this evidence did not more likely than not taint the jury's verdict as Hansen had ample opportunity to present his defense theory to the jury and there was significant evidence of Hansen's guilt presented at the trial.

3.	Hansen also argues that the jury instruction on intent to defraud was erroneous because it suggested that a good faith belief does not always negate specific intent. Read as a whole, the jury instruction did not mislead the jury. The additional instruction mentioning good faith simply stated that good faith did not apply where a defendant intentionally made a false or fraudulent representation.

4.	Hansen faults the district court for applying sentencing enhancements for using sophisticated means, being a leader/organizer, and abusing a position of trust. The district court did not abuse its discretion in applying these enhancements, as in our view these enhancements fit this case like a glove. First, Hansen shrewdly used multiple government agencies in furtherance of his scheme and employed sophisticated techniques when producing promotional materials, such as green screens, mock interviews and panels, and photos of victims with judges in promotional materials. Second, there was sufficient evidence in the

4

record for the district court to have reasonably determined that other individuals were participants in Hansen's criminal scheme; it was not necessary for those other participants to have been convicted. U.S.S.G. § 3B1.1, cmt. 1. Third, Hansen claimed to be an expert in immigration law, targeted undocumented immigrants with limited knowledge of immigration law, and oversaw a sophisticated program falsely purporting to assist hundreds of undocumented immigrants become citizens. He had significant managerial discretion, and the district court could have reasonably determined he occupied a position of trust. *See United States v. Laurienti*, 731 F.3d 967, 973 (9th Cir. 2013).

**AFFIRMED IN PART.**