NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  21-10159 |
| Plaintiff-Appellee, | D.C. Nos. 4:20-cr-02715-RM-DTF-1 4:20-cr-02715-RM-DTF |
| v. | |
| JORGE ARMANDO LOPEZ ESPINOZA, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted March 9, 2022[**]
Phoenix, Arizona

Before:  HAWKINS, PAEZ, and WATFORD, Circuit Judges.

Jorge Armando Lopez Espinoza pleaded guilty to smuggling goods from the

United States in violation of 18 U.S.C. § 554(a).  He appeals from the district

court's judgment accepting that plea and imposing a 46-month sentence.  We

affirm.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

**1.** The district court did not plainly err by accepting Espinoza's guilty plea. *See United States v. Bain*, 925 F.3d 1172, 1176 (9th Cir. 2019). Section 554(a) is applicable in relevant part to "whoever . . . in any manner facilitates the transportation, concealment, or sale of [any merchandise contrary to law], prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States." Espinoza and his attorney both acknowledged that he communicated with individuals in Mexico and the United States to facilitate the transportation of ammunition intended for export. The magistrate judge then clarified that Espinoza had been "trying to help . . . get this ammunition to people that [Espinoza was] speaking to in Mexico," and Espinoza unambiguously confirmed that was correct. Espinoza also acknowledged that he was attempting to transport the ammunition in secret and without a license. Thus, even if Espinoza never took possession of or transported the actual ammunition, he sufficiently established a factual basis for the plea. *See United States v. Rivero*, 889 F.3d 618, 621–22 (9th Cir. 2018); *United States v. Chi Tong Kuok*, 671 F.3d 931, 943–45 (9th Cir. 2012) (holding that, under § 554(a), a defendant may be found guilty even when he neither takes possession of the item intended for export nor exports the item himself).

**2.** The district court did not err in imposing Espinoza's sentence. The advisory note to United States Sentencing Guidelines § 2M5.2 states that a

downward departure from the base offense level may be warranted in the unusual case in which the defendant's conduct posed no risk to United States national security or foreign policy interests. Here, if the government had not intervened, Espinoza would have exported 8,000 rounds of ammunition to Mexico. Espinoza argues that the fake ammunition he ended up transporting due to the government's intervention could not have caused any harm to protected interests. However, the district court did not abuse its discretion by declining to apply the advisory note to conduct that, but for the government's intervention, could have been harmful to United States foreign policy interests.

As for Espinoza's argument that the district court should have applied Sentencing Guidelines § 2X1.1, that guideline applies only to attempt, solicitation, and conspiracy. As noted, Espinoza pleaded guilty to the actual offense of facilitating the transportation of ammunition under § 554(a), and thus § 2X1.1 does not apply.

**AFFIRMED.**