FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

HELAMAN HANSEN,

*Defendant-Appellant*.

No. 17-10548

D.C. No.
2:16-cr-00024-
MCE-1

OPINION

On Remand from the United States Supreme Court

Argued and Submitted March 5, 2024
Seattle, Washington

Filed April 3, 2024

Before:  M. Margaret McKeown and Ronald M. Gould,
Circuit Judges, and Jane A. Restani,[*] Judge.

Opinion by Judge Gould

---

[*] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

## SUMMARY[**]

### Criminal Law

On remand from the Supreme Court, the panel vacated Helaman Hansen's convictions on two counts of encouraging or inducing an alien to come to, enter, or reside unlawfully in the United States for private financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i); and remanded to the district court for further proceedings.

The panel held that the Supreme Court's decision in this case, *United States v. Hansen*, 599 U.S. 762 (2023), compels the insertion of a specific intent *mens rea* element into the jury instructions for charges under § 1324(a)(1)(A)(iv). Because the jury instructions for the two counts omitted this element, the instructions were erroneous. Given conflicting testimony at trial, and the centrality of a *mens rea* requirement to a criminal conviction, the panel concluded that the error was not harmless.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Sonja Ralston (argued), United States Department of Justice, Civil Division, Appellate Staff, Washington, D.C.; Katherine T. Lydon, Assistant United States Attorney; Camil A. Skipper, Assistant United States Attorney, Appellate Chief; Phillip A. Talbert, Acting United States Attorney; Eastern District of California, United States Attorney's Office, Sacramento, California; Lisa H. Miller, Acting Deputy Assistant Attorney General; Kenneth A. Polite, Jr., Assistant Attorney General; United States Department of Justice, Washington, D.C.; for Plaintiff-Appellee.

Carolyn M. Wiggin (argued), Assistant Federal Public Defender; Heather E. Williams, Federal Public Defender; Sacramento Federal Public Defender's Office, Sacramento, California; for Defendant-Appellant.

Cecilia D. Wang, ACLU Center for Democracy, San Francisco, California; Vera Eidelman, American Civil Liberties Union Foundation, Washington, D.C.; Shilpi Agarwal, American Civil Liberties Union Foundation of Northern California, Inc.; for Amici Curiae American Civil Liberties Union and American Civil Liberties Union of Northern California.

# OPINION

GOULD, Circuit Judge:

Defendant-Appellant Helaman Hansen appeals his convictions on two counts of encouraging or inducing an alien to come to, enter, or reside unlawfully in the United States for private financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i).[1]  Hansen's case is before us on remand from the Supreme Court. *See United States v. Hansen*, 599 U.S. 762, 766, 774–78 (2023).  On remand, Hansen contends that the Supreme Court's decision means that the jury instruction for these counts was erroneous.  We agree.  We have jurisdiction under 28 U.S.C. § 1291.  We vacate Hansen's convictions under Counts 17 and 18 and remand for further proceedings.[2]

# I

Helaman Hansen ran an organization that purported to help undocumented immigrants become United States citizens through adult adoption.  He did this through his organization called Americans Helping Americans (AHA). Hansen and other members of his organization filed

---

[1] Hansen was also convicted on twelve counts of mail fraud under 18 U.S.C. § 1341 and three counts of wire fraud under 18 U.S.C. § 1343. We affirmed his fraud convictions in a memorandum disposition, *United States v. Helaman Hansen*, No. 17-10548, 2022 WL 424827, at *1 (9th Cir. Feb. 10, 2022) (mem.).  The Supreme Court's mandate did not affect the fraud convictions.

[2] Hansen also argues that, in light of the Supreme Court opinion, the evidence was insufficient to support these two convictions, and that this subsection of the statute is void for vagueness or otherwise unconstitutional as applied to him.  We do not reach these issues and express no opinion on them.

participants' adoption petitions, sometimes using false information.  Hansen told participants that people had become citizens through the AHA program.  Hansen later admitted to federal agents that this representation was false, and that no one had obtained citizenship through the AHA program.

Relevant to our opinion, two participants in AHA overstayed their ten-year multi-entry visas to the United States.  Epeli Vosa was a citizen of Fiji and Great Britain.  Vosa said that he had a "valid visa" and asked Hansen whether Vosa should leave and re-enter the country in order to participate in the adult adoption program.  Hansen assured Vosa not to worry about the visa and said that Vosa would get citizenship by completing the program.  At trial, Hansen testified that he told Vosa that it was Vosa's choice whether to remain in the country, without giving a recommendation.  Vosa was adopted in June 2014.  Vosa's visa expired, for the purpose of that visit, in July 2014.  Vosa remained in the United States.  Mana Nailati was also a citizen of Fiji.  Hansen told Nailati that participating in the program would keep Nailati "safe" from immigration authorities.  Hansen testified at trial that he told Nailati that it was Nailati's choice whether to remain in the country, without giving a recommendation.  Nailati was adopted in November 2014.  Nailati's visa, for the purpose of that visit, expired in February 2015.  Nailati remained in the United States.

At trial, Hansen proposed a jury instruction for his unlawful immigration charges under Counts 17 and 18, stating that the Government needed to prove 8 U.S.C. § 1324(a)(1)(A)(iv) by showing, in pertinent part, that the defendant "substantially encouraged or induced [name of alien] to reside in the United States in violation of law" and "intended that [name of alien]'s residence in the United

States would be in violation of the law." By contrast, the Government proposed instructing the jury that the defendant "encouraged or induced [Vosa and Nailati] to reside in the United States in violation of law" and "knew or acted in reckless disregard of the fact that [Vosa's and Nailati's] residence in the United States would be in violation of the law." The district court adopted the Government's instruction, which was also the Ninth Circuit's pattern jury instruction for this sub-clause. As a result, the jury instructions at trial for Counts 17 and 18 did not include an element requiring a specific intent *mens rea*.

The jury convicted Hansen on all counts, including Counts 17 and 18. Hansen moved for a judgment of acquittal, including by arguing that 8 U.S.C. § 1324(a)(1)(A)(iv) was unconstitutionally overbroad under the First Amendment; unconstitutional as applied; and void for vagueness. The district court denied a judgment of acquittal and sentenced Hansen in December 2017. Hansen was sentenced to 240 months for each of the mail and wire fraud counts and 120 months for each of the unlawful immigration counts, all to run concurrently.

Hansen timely appealed and argued in part that the district court's denial of his motion to dismiss Counts 17 and 18 was improper, because of the constitutional deficiencies in the underlying statute. We vacated Hansen's convictions on Counts 17 and 18 and remanded in part, holding that 8 U.S.C. § 1324(a)(1)(A)(iv) was unconstitutionally overbroad under the First Amendment. *See United States v. Hansen*, 25 F.4th 1103, 1105 (9th Cir. 2022).[3]

---

[3] Because we resolved Hansen's appeal on his overbreadth challenge, we did not reach his other constitutional claims that Subclause (iv) is

The Supreme Court granted the Government's petition for a writ of *certiorari*, *United States v. Hansen*, 143 S. Ct. 555 (2022), and reversed and remanded, holding that: "Properly interpreted, this provision forbids only the intentional solicitation or facilitation of certain unlawful acts." *Hansen*, 599 U.S. at 766.

## II

Whether jury instructions misstate the elements of a crime is a question of law reviewed *de novo*. *United States v. Rivero*, 889 F.3d 618, 620 (9th Cir. 2018).

Clause (iv) of Section 1324(a)(1)(A) states that "[a]ny person who . . . encourages or induces an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law . . . shall be punished as provided in subparagraph (B)." 8 U.S.C. § 1324(a)(1)(A)(iv). Clause (iv) does not provide "any express intent requirement." *Hansen*, 599 U.S. at 778. However, transplanting the terms "encourages" and "induces" from the "old soil" of the common law brings along "the traditional intent associated with solicitation and facilitation." *Id.* at 778–79 (internal quotation marks omitted) (citation omitted). "Both [terms], as traditionally understood, require that the defendant specifically intend that a particular act be carried out." *Id.* at 778. Section 1324(a)(1)(A)(iv) "requires that the defendant encourage or induce *an unlawful act*," *id.* at 780 (emphasis added), "*and* that the defendant 'know[]' or 'reckless[ly] disregard' the

---

unconstitutional as applied to Hansen or void for vagueness. *See Hansen*, 25 F.4th at 1106.

fact that the act encouraged 'is or will be in violation of law,'" *id.* (second alteration in original).

The Supreme Court's *Hansen* decision compels the insertion of a specific intent *mens rea* element into the jury instructions for charges under 8 U.S.C. § 1324(a)(1)(A)(iv). The jury instructions at Hansen's trial only required the Government to prove Counts 17 and 18 by showing that Hansen "encouraged or induced [Vosa and Nailati] to reside in the United States in violation of law" and "knew or acted in reckless disregard of the fact that [Vosa'a and Nailati's] residence of the United States would be in violation of the law." The instructions did not require the Government to prove that Hansen intentionally encouraged or induced Vosa or Nailati to overstay their visas. *Hansen*, 599 U.S. at 780.

The traditional common-law meaning of solicitation and facilitation requires a Section 1324(a)(1)(A)(iv) defendant to "specifically intend that a particular act be carried out." *Id.* at 778; *see also Rosemond v. United States*, 572 U.S. 65, 70–71 (2014). At Hansen's oral arguments before the Supreme Court, Justice Kavanaugh asked whether the Government agrees that "the intent requirement that's traditionally associated with aiding and abetting and solicitation should be part of the statute," and the Government responded, "We do." Oral Argument at 6:04–6:15, *United States v. Hansen*, 599 U.S. 762 (2023) (No. 22-179) https://www.oyez.org/cases/2022/22-179; *see also Hansen*, 599 U.S. at 809–10, n.9 (Jackson, J., dissenting). Our circuit's pattern jury instruction, now revised following the Supreme Court's decision in *Hansen*, states: "For purposes of this statute, the term 'encourage or induce' means the intentional encouragement of an unlawful act or the provision of assistance to a wrongdoer with the intent to further the commission of an offense." *Manual of Model*

*Criminal Jury Instructions for the District Courts of the Ninth Circuit* § 7.4 (2022 ed., updated Aug. 2023).

Specific intent is a required element of Section 1324(a)(1)(A)(iv). The jury instructions for Hansen's Counts 17 and 18 omitted this required element, so the instructions provided at Hansen's jury trial were erroneous. No party disputes this on remand.

## III

When a jury instruction omits an element of an offense, we review for harmless error. *Neder v. United States*, 527 U.S. 1, 8–10 (1999). "The Government's burden in proving harmless error is a high one" when the district court omits one of the elements of the crime charged. *United States v. Montoya-Gaxiola*, 796 F.3d 1118, 1124 (9th Cir. 2015). If the related evidence is "neither overwhelming nor uncontested," the error is not harmless. *Id.* at 1125. Conflicting testimony at trial here suggests that the record is contested as to whether Hansen intended to encourage or induce the two relevant victims to overstay their visas. Given this, and the centrality of a *mens rea* requirement to a criminal conviction, it is not clear beyond a reasonable doubt that a properly instructed jury would have convicted Hansen on Counts 17 and 18. Such an error is not harmless.

## IV

We **VACATE** Hansen's convictions under 8 U.S.C. §§ 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i) with regard to Counts 17 and 18 and **REMAND** for further proceedings consistent with this opinion.