# IN THE COURT OF APPEALS OF IOWA

No. 18-1347
Filed June 5, 2019

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JACOB CHRISTOPHER ADAMS,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Hamilton County, Kurt L. Wilke (suppression) and James C. Ellefson (trial), Judges.

A defendant appeals the denial of his motion to suppress. **AFFIRMED.**

Nicholas A. Sarcone of Stowers & Sarcone PLC, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., Bower, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**GAMBLE, Senior Judge.**

Jacob Adams appeals from his conviction for possession of methamphetamine, third offense, in violation of Iowa Code section 124.401(5) (2017), following a trial on the minutes. On appeal, he alleges the district court erred in denying his motion to suppress evidence.

**I. Background Facts and Prior Proceedings**

On August 26, 2017, someone burglarized Steve Carpenter's home, stealing several items. The Hamilton County Sheriff's Department considered Adams's brother, Brett, to be a suspect in the burglary and investigated him. Carpenter's home is located on the same street as Adams's home. As part of the investigation, Deputy Sheriff Rodney Hicok sought and obtained a warrant to search Adams's home, believing Brett left evidence of the burglary in Adams's home.

When investigators executed the search warrant, they did not recover any evidence of the burglary. However, investigators observed drug paraphernalia and substances appearing to be methamphetamine and marijuana. Based on these observations, Deputy Hicok sought and obtained another search warrant for Adams's home to search for evidence of the possession, dealing, or distribution of controlled substances. When the investigators executed the second search warrant, they recovered marijuana and methamphetamine. As a result, the State charged Adams by trial information with count I, possession with intent to deliver methamphetamine, and count II, possession of marijuana, third or subsequent offense.

Adams filed a motion to suppress, alleging the first search warrant application was not supported by probable cause so all evidence, including evidence resulting from the second search warrant, which stemmed from the first, must be suppressed. Following a hearing, the district court denied the motion to suppress. The parties then agreed to amend count I of the trial information to possession of methamphetamine, third offense. Adams proceeded to a trial on the minutes, and the court found him guilty of count I, possession of methamphetamine, third offense.

Adams now appeals, challenging the district court's ruling on the motion to suppress.

## II. Scope and Standard of Review

Although challenges with constitutional dimensions are reviewed de novo, "we do not make an independent determination of probable cause; rather, we determine 'whether the issuing judge had a substantial basis for concluding probable cause existed.'" *State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015) (quoting *State v. Gogg*, 561 N.W.2d 360, 363 (Iowa 1997)). Accordingly, "we examine only the information actually presented to the judge." *Id.*

## III. Analysis

Article I, section 8 of the Iowa Constitution and the Fourth Amendment of the United States Constitution require search warrants be supported by probable cause. Adams alleges the first search warrant was not supported by probable cause and the State violated his state and federal constitutional rights. However, he "does not advance a distinct analytical framework under the Iowa Constitution." *See State v. Baker*, 925 N.W.2d 602, 610 (Iowa 2019). "Because [Adams] did not

advance a distinct analytical framework for his claim under article I, section 8 of the Iowa Constitution, in our discretion we choose to apply the federal framework" and consider his state and federal constitutional claims concurrently. *Id.*

"The test for probable cause is well established: 'whether a person of reasonable prudence would believe a crime was committed on the premises to be searched or evidence of a crime could be located there.'" *Gogg*, 561 N.W.2d at 363 (quoting *State v. Weir*, 414 N.W.2d 327, 330 (Iowa 1987)). "Probable cause to search requires a probability determination that '(1) the items sought are connected to criminal activity and (2) the items sought will be found in the place to be searched.'" *Id.* (quoting *United States v. Edmiston*, 46 F.3d 786, 789 (8th Cir. 1995)). When considering the totality of the circumstances,

> [t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him [or her], including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates*, 462 U.S. 213, 238 (1983). On appeal, we interpret the affidavit of probable cause "in a common sense, rather than a hypertechnical, manner." *See McNeal*, 867 N.W.2d at 100 (quoting *State v. Shanahan*, 712 N.W.2d 121, 132 (Iowa 2006)). "[W]e draw all reasonable inferences to support the judge's finding of probable cause and give great deference to the judge's finding." *Id.* (alteration in original) (quoting *Gogg,* 561 N.W.2d at 364). "Close cases are decided in favor of upholding the validity of the warrant." *Id.* (quoting *Gogg,* 561 N.W.2d at 364).

Adams argues the State failed to establish probable cause because it did not establish a nexus between the evidence sought—evidence of the burglary—

and his home. "Although a nexus must be established between the items to be seized and the place to be searched, direct observation is not required." *Id.* at 103 (quoting *State v. Groff*, 323 N.W.2d 204, 212 (Iowa 1982)). The nexus between the criminal activity, the evidence sought, and the place to be searched "can be found by considering the type of crime, the nature of the items involved, the extent of the defendant's opportunity for concealment, and the normal inferences as to where the defendant would be likely to conceal the items." *Id.* (quoting *Groff*, 323 N.W.2d at 212).

On our review, we conclude the warrant application provided a sufficient nexus and conclude the issuing magistrate had a substantial basis for concluding probable cause existed. In support of the warrant request, Deputy Hicok's affidavit cited to several facts, some of which were obtained through a confidential informant. Some information merely supported the proposition that Brett perpetrated the burglary. However, the affidavit also provided several facts indicating evidence of the crime could be discovered in Adams's home. These facts include: Brett "frequently resided with his brother"; Adams's home is located on the same street as the victim's; Adams told the victim he was "100 [percent] certain Brett did it"; and Adams's has a history of storing stolen items in his home. From this information, the magistrate could reasonably infer Brett had access to Adams's home, Brett could easily stash evidence at Adams's due to its close proximity to the location burgled; Adams knew of Brett's involvement in the burglary because he provided Brett with a place to store the stolen goods, and Adams was willing to store stolen goods because he had done so in the past. Moreover, Deputy Hicok's affidavit confirmed several of the confidential

informant's related claims were corroborated by the recovery of evidence, indicating the informant's claims were reliable.[1]  *See id.* at 100–01 (noting anonymous tips must be corroborated to be considered reliable enough to establish probable cause).

Adams draws our attention to the following portion of the warrant struck by the issuing magistrate and argues this amendment demonstrates the magistrate did not believe Brett frequently resided at the residence.

> DESCRIPTION OF RESIDENCE(S)
>
> 1 - 1/2 story (frame), gray colored, single family dwelling with an attached 2 car attached garage, located at 1839 280th St., Webster City, Iowa. The residence is owned by Jacob Adams ~~and also frequently occupied by his brother, Brett Adams who is the main suspect in this burglary.~~

However, we agree with the district court that the magistrate struck this phrase from the warrant because it was unnecessary to the identification of the residence to be searched and is not indicative of her disbelief that Brett frequently resided at Adams's home.  The magistrate's amendments to the following paragraph bolster this conclusion.

> DESCRIPTION OF ITEMS TO BE SEARCHED
>
> 1 - 1/2 story (frame), gray colored, single family dwelling with an attached 2 car attached garage, located at 1839 280th St., Webster City, Iowa. The residence is owned by Jacob Adams ~~and also frequently occupied by his brother, Brett Adams who is the main suspect in this burglary.~~ Particularly the room in which Brett Adams sleeps in or occupies when staying at this residence as well as common areas where the items listed could be stored, such as the gargae, basement, spare bedrooms etc.
> All vehicles on the property owned by Brett ~~or Jacob~~ Adams.

---

[1] Based on the informant's information, investigators recovered some of the missing items at another location.  The informant's information also led to the recovery of a tool matching markings Brett allegedly left in a door during an earlier attempted burglary of the victim's home.

Here, the magistrate again struck the phrase but did not strike the portion of the warrant permitting the search of "the room in which Brett Adams sleeps in or occupies when staying at this residence." This provides a clear indication the magistrate understood Brett stayed at the residence and provides the necessary nexus between the evidence sought and Adams's residence. It bolsters our conclusion there was a substantial basis for the magistrate to find probable cause existed to support the warrant.

**IV. Conclusion**

We have considered each of the defendant's arguments on appeal, whether or not directly addressed herein. We conclude there was a substantial basis for the issuing magistrate to conclude probable cause existed to support the warrant. The district court properly denied Adams's motion to suppress. We affirm Adams's conviction for possession of methamphetamine, third offense.

**AFFIRMED.**